ARCHDUKE FRANZ JOSEF, Appellant, *v.* PRINCESS ILEANA OF ROMANIA, Respondent, et al., Defendants.

Appeal from an order of the Supreme Court at Special Term, entered July 17, 1953, in New York County, which granted a motion by defendant-respondent for an order permitting her to serve a second amended answer.

MEMORANDUM BY THE COURT. The proposed second amended answer is not only at variance with admissions made by defendant in prior pleadings with respect to ownership of the property in issue in this suit, but it is at variance with the position taken throughout this litigation to date that in dealing with the property she was acting equally for plaintiff and his brother, her husband. The belated fundamental change in position now attempted would be very prejudicial to plaintiff and should not be allowed. Furthermore, the suggested basis for it in newly discovered evidence is hardly evidence and under the circumstances cannot be regarded as newly discovered.

Order reversed and motion denied.

DORE, J. (dissenting). The issue is whether the Justice at Special Term abused his discretion in granting defendant-respondent's motion permitting her to serve on plaintiff a second amended answer without prejudice to the position of the action on the trial calendar. The answer was amended only in one respect, namely, to permit defendant to deny plaintiff's allegation of ownership of the personal property in question in lieu of defendant's admission in the prior answer of plaintiff's ownership in a share of such personalty.

Plaintiff, brother of defendant Archduke Anton, not served, sues defendant, Princess Ileana, the wife of Archduke Anton, for alleged conversion of plaintiff's claimed undivided one-third interest in certain ancestral properties in Austria including certain personalty contained therein, claiming that defendant in violation of certain powers of attorney sold parcels of realty and items of personalty and damaged plaintiff by wrongful conversion in the sum of over $900,000. The answer contains a general denial and an affirmative defense that defendant acted in good faith to preserve plaintiff's interest from confiscation by the then German Government, and annexes as an exhibit the judgment of the Superior Court in Vienna in which plaintiff's claims were rejected and it was found that he was indebted in a substantial sum to his brother, Archduke Anton.

Plaintiff has seen fit to prosecute this action in New York concerning transactions all of which took place in Austria between 1938 and 1946. The plaintiff did not institute the action until September, 1949. The donation by Archduchess Blanca to her sons, Archdukes Anton, Franz Josef and Carlos, occurred in December, 1938. It should be noted that the mother's donation in 1938 on which the whole case basically depends, mentions the three sons as recipients of "her whole *real* estates located in the Ostmark including the *real* estate already in her possession as well as the one already fallen to her through heritage or by way of settlement or succession" (italics mine throughout). In an affidavit by Princess Ileana, it is alleged that plaintiff's claim to the personalty is based on an alleged oral gift of Archduchess Blanca. This allegation is not specifically denied. All the acts of alleged conversion are supposed to have taken place in Austria during the war. All the evidence, in this action necessarily must come from Austria. In that state of facts, we think the order granting leave to amend was in all respects correct and should be affirmed.

Motions to amend pleadings are in the discretion of the court and ordinarily are granted as matter of course in the absence of any real prejudice to the other side. It is only in such cases or after a full revelation of the facts, e.g., at trial or on a motion for summary judgment, and such disclosure demonstrates that any amendment would be futile, that amendments to pleadings are denied.

Plaintiff's only claimed prejudice is delay of trial. But plaintiff did not start this action until 1949 and the events challenged go back to 1938 and 1939. As the reply affidavit shows, this action was instituted by an attachment in this State of approximately $200,000 of securities belonging to defendant, Princess Ileana, and she is obviously eager to expedite trial so that the attachment on her property from what she claims is a grossly unjust claim may be vacated. Furthermore, the trial of the action will not take place until a large number of interrogatories have been returned from Austria. It is significant that after Special Term granted the amendment in question, plaintiff moved for a second supplementary examination of defendant-respondent before trial on the very issue of his ownership of an interest in *personal* property. That motion was granted and plaintiff has continued and concluded an examination on this precise issue. Plaintiff also has already forwarded to the United States Consul in Austria and in Barcelona, Spain, interrogatories or cross interrogatories to be propounded to numerous witnesses on the issue of his alleged ownership of an interest in the personalty. Plaintiff is making claim in this forum to his ownership of substantial sums of property approximating one million dollars; he has the burden of proof and he should be obliged to sustain it. Plaintiff's claim of prejudice is fanciful rather than real and is meant to prevent a trial on the merits of the very important issue in question.

On the other hand if this amendment is not allowed the injury to defendant is irretrievably prejudicial as she will be conclusively bound by the prior admission in the answer and never permitted to question plaintiff's claim to part of the *personalty*.

In such state of facts, since the denial of the amendment will be irretrievably prejudicial to defendant, as she will then be conclusively bound by her prior admissions in her prior answer, and the only claimed prejudice to plaintiff is a trivial delay in a suit in which considerable delay is unavoidable — we should not say that the Justice at Special Term abused his discretion in granting the amendment.

Of course, defendant's prior admissions may be used against her on the trial; but if she is allowed to amend, such admissions will not be conclusive; if she is denied leave, that important aspect of the case depending on an *oral* claim of a gift will not be tried on the merits. Defendant, who proposes to rely on the denial, is entitled to an opportunity to present the issue in such manner that its validity may be tested *on the merits* at a trial and not be precluded by what amounts to an irrevocable preclusion order granted before trial.

Accordingly, we dissent and vote to affirm in all respects the order appealed from, with costs to defendant-respondent.

Peck, P. J., Callahan and Botein, JJ., concur in Memorandum by the Court; Dore, J., dissents and votes to affirm, in opinion in which Cohn, J., concurs.

Order reversed and the motion denied.